## L. B. Randolph v. Town of Greenwood.

### Gen. No. 4,490.

1. PAUPER—*when town liable for keep of.* A town is liable for the keep of a pauper who is temporarily removed from its territorial limits by the supervisor thereof; such removal is within the power of the supervisor and the pauper's actual legal domicile thereby is not changed.

2. PAUPER—*when town liable for keep of.* One who furnishes food and clothing to a pauper who is a legal charge upon a particular town, may recover from such town the reasonable value of the food and clothing so supplied.

Action of assumpsit. Error to the County Court of McHenry County; the Hon. ORSON A. GILLMORE, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed August 1, 1905.

E. H. WAITE and JOHN B. LYON, for plaintiff in error.

C. P. BARNES, for defendant in error.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

Plaintiff in error brought this suit to recover a balance due him under a contract with the supervisor of the town of Greenwood, for keeping and boarding a pauper of said town, also for the keeping of said pauper from March 1, 1903, until his death, upon a *quantum meruit*, there being no contract covering this period. The County Court found for the plaintiff in error and assessed his damages at $8, the amount due under the contract, but denied judgment for the other items of plaintiff's claim. Plaintiff in error excepted to the judgment and sues out this writ of error and asks a reversal on the ground that the court erred in not allowing all of plaintiff's claim.

The controversy grows out of the following facts: Joel Randolph was a pauper and for a number of years prior to

October 13, 1897, resided in the town of Greenwood. On this date S. E. Clark, then the supervisor of Greenwood, made a written contract with plaintiff in error to pay him $4 per month, payable monthly, and $2 extra, payable at end of the year, in consideration of the board, clothing, medicine and other care for said Joel Randolph, said contract to take effect and be in force from the date when plaintiff in error should take and remove said Joel Randolph to plaintiff's home in Dorr township. In accordance with the contract, plaintiff moved Joel Randolph to plaintiff's home on the 15th of October, 1897. Joel Randolph thereafter remained in plaintiff's home and was supported by him under the contract and renewals thereof from year to year. The beginning of the year was changed by agreement to the first of March and the compensation changed to $4 extra at the end of the year. March 1, 1902, the contract was again renewed for one year. All sums due under these several contracts had been paid by the defendant in error, except for February, 1903, and the $4 extra which matured at the end of the year. Clark continued to succeed himself as supervisor of Greenwood until his death, which occurred in February, 1903. Sometime in April, Mr. Long became his successor. Plaintiff in error called on Mr. Long in April and wanted to collect what was due and to know what would be done about the further support of the pauper. Mr. Long gave him no definite answer but asked plaintiff to call again, which he did a few days later. Long at this time refused to recognize any liability for the keeping of Randolph in the past, and would make no arrangements for the future. Plaintiff continued to board and care for Joel Randolph until November 16th, when the supervisor of Dorr township notified Mr. Long that unless he made provision for the pauper he would proceed to furnish him according to his need and look to the town of Greenwood for reimbursement; not hearing from Mr. Long, the supervisor of Dorr township arranged to pay and did pay plaintiff for keeping Joel Randolph until his death, which occurred in February, 1904, at the rate of $2 per week.

Randolph v. Town of Greenwood.

Defendant in error contends, and the court below sustained the contention, that the town of Greenwood is not liable for necessary sustenance furnished a pauper unless such pauper is actually located in the town at the time. This view is erroneous. Joel Randolph was a charge upon the town of Greenwood in 1897. At that time the official representative of the town, acting within his statutory powers, procured a place for him outside the town, and the pauper was conveyed to his temporary domicile. His residence still remained in Greenwood and the duty to provide for him continued. Under the law when a person becomes a charge upon a municipality by virtue of the poor laws, they cease to be free agents and become to a certain extent under the control of the officers charged with the enforcement of the poor laws. Town of Bristol v. Town of Fox, 159 Ill. 500; County of Franklin v. County of Henry, 26 App. 193.

If for any reason it became necessary or advisable to remove the pauper to another place, either in or out of the town of Greenwood, we have no doubt the power is vested in the supervisor to make such change and bind the town by his contract for his sustenance. When plaintiff in error notified Mr. Long, in April, that the pauper was at his place and called on him to take care of him or arrange for his care, and Mr. Long refused to discharge the duty then resting on his town, plaintiff in error was justified in furnishing the unfortunate man with needed assistance and then call upon the town of his residence for compensation. This he did and the town is clearly liable, not only for the $8 due under the contract, but also for reasonable compensation for the board, clothing, care and attention bestowed from March 1, 1903, until he died, less whatever amount has been paid by the town of Dorr. County of Perry v. City of DuQuoin, 99 Ill. 479; Barnard & Co. v. Sangamon Co., 190 Ill. 119; Rock Island County v. Arp. 118 App. 521.

For the reasons above given the judgment is reversed and the cause remanded.

*Reversed and remanded.*